IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDRICK LAVAR ELLIOTT, SPN #01877025, | § § § § § § § § § § | |
| Petitioner, | | |
| v. | | CIVIL ACTION NO. H-17-3338 |
| JUDGE DENISE COLLINS, | | |
| Respondent. | | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Kendrick Lavar Elliott, is currently in custody at the Harris County Jail. Elliott has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging his detention without bond by a state court district judge. Elliott has also submitted an Application to Proceed Without Prepayment of Fees (Docket Entry No. 2). After considering all of the pleadings and the applicable law as required by Rule 4 of the Rules Governing Section 2254 Cases, the court concludes that this case must be dismissed for the reasons explained briefly below.

### I. Background

Elliott is presently in custody at the Harris County Jail pending criminal charges for failure to register as a sex offender

in cause number 1572703.¹ Elliott contends that he was wrongfully imprisoned by Judge Denise Collins, who ordered him held without bond for over a year in connection with another criminal case in cause number 1499861.² That case, which also charged Elliott with failure to register as a sex offender, was ultimately dismissed on March 29, 2017.³ Thus, Elliott appears to contend that he was wrongfully imprisoned until the end of March 2017.

## II. Discussion

Elliott seeks relief in the form of a federal writ of habeas corpus. A writ of habeas corpus provides a remedy only for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). To state a claim, a habeas petitioner must demonstrate that he is entitled to release from confinement because he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

---

¹See Harris County District Clerk's Office website, located at: http://www.hcdistrictclerk.com (last visited Nov. 3, 2017).

²Petition, Docket Entry No. 1, p. 2. Because Elliott provides no details in support of his request for relief, the court takes judicial notice of facts articulated by him in another civil action filed on the same day as the pending Petition. See Elliott v. Collins, Civil No. H-17-3336 (S.D. Tex.).

³Id. at 4. Court records reflect that the charges in cause number 1499861 were dismissed on March 29, 2017, after Elliott pled guilty in a related case (cause number 1499673). See Harris County District Clerk's Office website, located at: http://www.hcdistrictclerk.com (last visited Nov. 3, 2017).

To the extent that Elliott challenges his confinement without bond in cause number 1499861, Elliott cannot state a claim for federal habeas corpus relief because he is no longer in custody pursuant to that case. "The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." Carafas v. LaVallee, 88 S. Ct. 1556, 1560 (1968); see also Maleng v. Cook, 109 S. Ct. 1923, 1925 (1989) (per curiam). Because Elliott does not meet this threshold requirement, the Petition must be dismissed for failure to state a claim upon which relief may be granted.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For

reasons set forth above, this court concludes that jurists of reason would not debate whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Application for Leave to Proceed Without Prepayment of Fees (Docket Entry No. 2) is **GRANTED**.

2. Kendrick Lavar Elliott's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner.**

**SIGNED** at Houston, Texas, on this 8th day of November, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE